IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SYE C. NEWTON, | § | |
| | § | No. 361, 2014 |
| Defendant Below- | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| v. | § | in and for New Castle County |
| | § | |
| STATE OF DELAWARE, | § | Cr. Nos. 0507002947 and |
| | § | 0601016797 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: July 10, 2014
Decided: July 30, 2014

Before **STRINE**, Chief Justice, **HOLLAND**, and **RIDGELY**, Justices.

## <u>ORDER</u>

This 30th day of July 2014, it appears to the Court that:

(1)    In January 2014, the appellant, Sye C. Newton, filed a motion for postconviction relief from convictions in Cr. Nos. 0507002947 and 0601016797.

(2)    In a Notice of Noncompliance dated June 3, 2014, the Superior Court informed Newton that it was returning his postconviction motion to him because the motion sought relief from convictions entered at different times.   Under Superior Court Criminal Rule 61(b)(3) ("Rule 61"), judgments of conviction entered at different times must be challenged in separate motions and not in one

motion. If a postconviction motion does not substantially comply with Rule 61(b), then a judge may direct the prothonotary to return the motion to the movant.[1]

(3) On July 2, 2014, Newton filed a notice of appeal from the Notice of Noncompliance.

(4) Upon receipt of the notice of appeal, the Senior Court Clerk issued a notice under Supreme Court Rule 29(b), directing Newton to show cause why the appeal should not be dismissed for the Court's lack of jurisdiction to consider an interlocutory appeal in a criminal matter.

(5) In his response to the notice show cause, Newton argues that the Notice of Noncompliance decided the issue of filing, he would be prejudiced if he had to re-file his motion, and he should have the opportunity to present the merits of his motion. Under the Delaware Constitution, this Court may only review a final judgment in a criminal case.[2] The Notice of Noncompliance is an unappealable interlocutory order.[3] Thus, this Court does not have jurisdiction to review this appeal.[4]

---

[1] Super. Ct. Crim. R. 61(c).

[2] Del. Const. art. IV, § 11(1)(b).

[3] *Carr v. State*, 2013 WL 4789746 (Del. Sept. 5, 2013) (finding appeal of notice of noncompliance for failure to use form required by Rule 61(b)(1) was interlocutory order and not appealable).

[4] *Gottlieb v. State*, 697 A.2d 400, 401 (Del. 1997).

NOW, THEREFORE, IT IS HEREBY ORDERED, under Supreme Court Rule 29(b), that the within appeal is DISMISSED.

BY THE COURT:

/s/ Randy J. Holland
Justice